# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

JERRE BRUMBELOW,    *
                    *
    Plaintiff,       *
                    *
vs.                 *        CV 209-165
                    *
KEN SALAZAR, Secretary, United *
States Department of the       *
Interior,                      *
                    *
    Defendant.       *

## ORDER

Plaintiff Jerre Brumbelow filed this pro se action against Defendant Ken Salazar and the United States Department of the Interior alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 201 et seq. Presently before this Court is Plaintiff's Motion for Summary Judgment Against Defendant for Failure to Properly Process Plaintiff's Discrimination and Retaliation Complaint. (Dkt. No. 13.) Plaintiff's incorporated brief in support of his Motion states, in its entirety, that the Equal Employment Opportunity ("EEO") division of the Department of the Interior:

failed to afford Plaintiff his rights as provided under Title 29 Code of Federal Regulations Part 1614 as follows:

1. The Agency failed to issue a Final Decision as required by 29 CFR 1614.110.
2. The Agency failed to complete the Report of Investigation in a timely manner in accordance with 29 CFR 1614.106.
3. The Agency failed to finish the Report of Investigation by failure to interview all witnesses, and by intentionally deleting a primary witness's statement by falsely claiming they were unable to contact the witness thus violating 29 CFR 1614.108.
4. The Agency failed to investigate charges of retaliation raised by the Plaintiff in accordance with 29 CFR 1614.106. The Agency failed to acknowledge or investigate the retaliation charges brought by the Plaintiff.

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). "The party seeking summary judgment bears the initial burden of identifying for the district court those portions of the record 'which it believes demonstrate the absence of a genuine issue of material fact.'" Cox. v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1396 (11th Cir. 1994) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Only then does the burden shift to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

AO 72A
(Rev. 8/82)

Here, Plaintiff has not pointed to any evidence that demonstrates the absence of a triable issue of fact with respect to his Title VII and ADEA discrimination claims. He simply asserts new allegations concerning the processing and mishandling of his EEO complaint. While it is true that courts must construe the filings of pro se plaintiffs liberally, "[t]his standard . . . does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage." Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1314 (11th Cir. 2004).

Moreover, this Court lacks jurisdiction "over a claim by a federal employee against the EEOC, or any other agency, challenging any aspect of the administrative processes (or any application of that process) by which complaints of discrimination are investigated and resolved." Storey v. Rubin, 976 F. Supp. 1478, 1483 (N.D. Ga. 1997); see also Smith v. Casellas, 119 F.3d 33, 34 (D.C. Cir. 1997) ("Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge."). Besides, "even if the EEO division botched the processing of [his] complaint, [Plaintiff] is now already in a federal court on the merits, and any earlier mishandling is essentially moot." Jordan v. Summers, 205 F.3d 337, 342 (7th

Cir. 2000). Thus, any deficiencies in the processing of Plaintiff's administrative EEO complaint neither form the basis of a claim upon which relief may be granted, nor demonstrate the absence of a material issue of fact with respect to the underlying Title VII and ADEA violations alleged in this civil action. Accordingly, Plaintiff's Motion for Summary Judgment must be **DENIED**. (Dkt. No. 13.)

**SO ORDERED**, this 30th day of July, 2010.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA